## CONN et al. v. JONES.

1. A request to charge, which in effect amounts to an instruction that, a given proposition being good law, the jury might find that certain facts had been proved in the case on trial, was properly refused.

2. Where, at a meeting of certain persons who were stockholders of a corporation, a resolution was adopted containing an agreement upon the part of certain of these persons, to the effect that if the directors would proceed to sell out the assets and wind up the affairs of the corporation as soon as practicable, they would indemnify the directors (to the extent of a given amount upon each share of stock held by such persons) against loss in consequence of a personal obligation previously assumed upon the part of the directors to pay certain of the debts of the corporation, and where such directors, having discharged such debts of the corporation, thereafter brought suit against one of such persons upon account of the liability alleged to have been incurred by him in consequence of his having assented to and voted for such resolution, it was a good reply to such a suit, that the directors had not complied with the condition imposed, and had not in fact proceeded as soon as practicable to sell out and wind up the affairs of the corporation; and it was not a good reply to such a plea, that a certain creditor of the corporation had been enjoined by it from selling such assets under a power of sale contained in a deed from the corporation to that creditor, there being no contention by the directors that their failure to comply with the condition stated was due to any want of authority in them to make the sale, or that the defendant did anything to prevent their taking such action.

3. There was no error in rejecting or admitting evidence, and upon the question as to the nature and terms of the resolution alleged to have been adopted, and under which it was alleged that the liability of the stockholders accrued, the evidence was conflicting, but even though conflicting, being sufficient to sustain the verdict, the court did not err in refusing to grant a new trial.

December 7, 1896. Argued at the last term.

Complaint. Before Judge Hart. Baldwin superior court. January term, 1896.

*Roberts & Pottle* and *Whitfield & Allen*, for plaintiffs. *D. B. Sanford, J. D. Howard, C. T. Crawford, R. H. Lewis* and *T. M. Hunt*, for defendant.

ATKINSON, Justice.

The plaintiffs brought an action against the defendant, alleging that he was indebted to them in the sum of $250.00, the declaration stating the cause of action in substance as follows: That the plaintiffs were directors of and stockholders in the Milledgeville Oil & Fertilizer Company, a corporation, and that the defendant was likewise a stockholder. That at a meeting of the stockholders of this corporation to inquire into the condition of its affairs, the directors made a statement, which was true, to the effect that they, by voluntary indorsement, had become liable as indorsers for certain of the outstanding indebtedness of the corporation, and it being, at the time, seriously embarrassed, the directors desired some provision made for their protection. That a resolution was introduced and adopted by the stockholders, the defendant voting for the resolution, that to the extent of not exceeding $50.00 per share of the capital stock of the corporation at that time owned by him, each of the stockholders voting for the resolution would undertake to indemnify and save harmless the plaintiffs from loss in consequence of their reindorsement of these papers, which had then matured, and which it was necessary for the corporate interests to extend. That without the undertaking and agreement implied in the resolution, the plaintiffs would not have reindorsed and extended their liability upon account of the indebtedness of the corporation; but that, relying upon the faith of such agreement upon the part of the stockholders voting for the resolution, they had in fact reindorsed, and as a consequence of their reindorsement of such papers they had incurred a loss far in excess of the amount covered by the alleged guarantee of defendant.

The defendant pleaded, in substance, admitting the meeting of the stockholders alleged in the declaration, but denying that the resolution referred to was of the character described in the declaration, but on the contrary alleging that

the resolution to which the stockholder sued assented, contained a condition to the effect, that if the directors would proceed as soon as practicable to wind up the affairs of the corporation and sell out its assets, the stockholders voting for the resolution would undertake to indemnify the directors to the extent named against loss in consequence of the personal obligation previously assumed by them to pay the debts of the corporation.

The evidence was conflicting as to the character of the resolution which was in fact offered. A preponderance of the testimony, however, seems to be in favor of the contention of the defendant. Upon the trial of the case, it resulted in a verdict in favor of the defendant. A motion for new trial was made upon a number of grounds, some only of which it was necessary, in the determination of the questions made in this case, to consider. Among other things the court was requested to charge as follows: "A person may make a conditional contract, that is, a contract to which is attached a condition to be complied with before he becomes liable on the contract. If this condition is of such a character that it is impossible to be performed, for any reason not brought about by the misconduct, fault or neglect of the party himself, then I charge you that you may find that the performance of or compliance with the condition is not essential to the contract, if you believe there was a contract or agreement in this case between plaintiffs and defendant, and that there was such a condition attached to it."

Further, because the court erred in refusing to allow R. W. Roberts, a witness for plaintiffs, to testify as to the reason that plaintiffs, directors in said corporation, at the time of the contract, did not sell the property of the corporation immediately after the meeting of the stockholders in which the agreement sued was made by the defendant and other stockholders; that reason being, that immediately after said meeting of the stockholders certain of the majority stockholders of the company filed a bill enjoining a

sale to the Milledgeville Banking Company of the assets of the oil company under a deed with power of sale made to it to secure a debt of about $10,000.00. Movants contend that this evidence was material, because one of the main defenses relied on by the defendant was that he made the agreement sued only on the condition that the assets of the oil and fertilizer company should be sold. The purpose of this testimony was to show that even if the condition to the agreement as alleged was made, it was not essential because its performance was prevented by certain stockholders of the company itself.

Further, because the court erred in refusing to admit in evidence the bill referred to in the preceding ground, which was filed for the purpose of enjoining the sale. The bill offered purported to have been filed by the Milledgeville Oil & Fertilizer Company to enjoin a sale by the Milledgeville Banking Company under the deed referred to which contained a power of sale.

There were other exceptions alleging minor errors upon the introduction of testimony, which will not be material to consider separately, inasmuch as they will necessarily be examined in a discussion of the main question involved.

1. The vice of the request to charge, and which was refused by the court, becomes apparent upon an examination of the language of the request. The proposition of law announced in the request seems to be sound, but as a consequence of the soundness of the proposition, it does not necessarily follow that, in the present case, it could correctly be applied. Whether or not it could be was a question of fact, and the controlling question of fact in the case; and the request invokes an expression of opinion from the presiding judge directly upon this question of fact. He is not requested to charge that if the engagement of defendant was conditional and it became impossible of performance for any reason not brought about because of the misconduct, fault or neglect of the adverse party, then the per-

formance of the condition would not be required; but he states broadly the general proposition, and then is requested to add, that, without anything more appearing the jury was at liberty to regard the non-performance of this condition as essential to the liability of the defendant, and further that there was such a condition attached to the agreement. This seems to be a reasonable construction of the request. It is in a certain sense involved and incoherent; and the judge therefore properly refused it, because the jury might have been justified in treating it as an expression of an opinion from the bench, and this latter conduct is expressly prohibited by statute.

2. There was a conflict of evidence as to the character of the resolution by which it was sought to bind the defendant; and as we have before stated, upon an examination of the evidence which appears in the record, a preponderance seems to be in favor of the contention of the defendant, that his liability as a guarantor to the plaintiffs was to accrue only upon the condition that the directors should proceed as soon as practicable to sell out the assets, and wind up the affairs of the corporation. This condition was never complied with, and the directors sought to justify a non-compliance by evidence which would have established, if admitted, that the Milledgeville Banking Company, which held a deed of trust to the corporate property, containing a pwer of sale, was, in the exercise of that power, about to sell out all of the corporate property, when they were prevented from so doing by an injunction granted upon the petition of the corporation itself. We think the court properly excluded this evidence as irrelevant. It could be no reply to a plea filed by the defendant alleging a non-compliance with the condition, that the corporation itself, acting through its directors, had filed a petition for injunction against another creditor to enjoin it from the assertion of a legal lien against the corporate property. There is no suggestion in the record that the directors did not have the

power, or could not readily have obtained it immediately
to proceed with the disposition of the corporate assets in ac-
cordance with the condition upon compliance with which
the liability of the defendant would have attached.  There
is no indication in the record that the defendant interposed
any obstacle to the performance of the condition; and it is
no reply, when they seek to bind him upon his original
contract, to a plea of breach of condition by them, that they
were at the time engaged in litigation with certain other
creditors.    This fact alone affords no legal excuse for a
non-compliance with the condition.    The jury having
found the condition to exist, the liability of the defendant
to be dependent, and that there was a breach of such condi-
tion, the judge properly denied the motion for new trial.

*Judgment affirmed.*